ORDER
(Granting Respondent’s Motion to Dismiss)
PAUL STENZEL, Judge.
INTRODUCTION
This matter arises out of an election dispute in the race for a seat on the Ho- *298 Chunk Nation Supreme Court. The Petitioner, Dr. Jeremy Rockman, received a majority of the votes in the primary and general elections for Associate Justice of the Ho-Chunk Nation Supreme Court. However, the Respondent, the Hocqk Waz-ijaci Nation Election Board (Hereafter “Ho-Chunk Nation Election Board” or “Election Board”), declared that Dr. Rock-man did not meet the constitutional qualifications to be a Supreme Court Justice and therefore was not the winner of the election. Specifically, Dr. Rockman was not admitted to the Ho-Chunk Nation Bar. Dr. Rockman then filed this suit against the Respondent the Ho-Chunk Nation Election Board seeking injunctive relief, specifically that he be sworn in “post haste.”
It is not clear whether Dr. Rockman has filed this suit as an election challenge or an action for mandamus relief. As explained below, Dr. Rockman’s suit fails under either theory. The Respondent’s motion to dismiss is granted.
FACTS
When deciding a motion to dismiss, the Court takes the facts from the pleadings and construes them in a light favorable to the non-moving party. Ho-Chunk Nation Rules of Civil Procedure, Rule 56(B). There does not appear to be any major disagreement between the parties about the relevant facts.
In winter of 2013, Dr. Rockman was certified as a candidate for the open seat on the Ho-Chunk Nation Supreme Court. At oral argument, counsel for the Election Board conceded that the only way Dr. Rockman’s name appeared on the ballot would have been through being certified as a qualified candidate pursuant to the Election Code, 2 HCC § 8(e)(1). A primary was held on March 5, 2013 and Dr. Rockman received 55% of the vote. The general election was held on June 4, 2013. Dr. Rockman was the only name on the ballot and received 100% of the vote.
On June 5, 2013, the Ho-Chunk Nation Election Board met and declared Dr. Rockman “not the winner” of the election. The ostensible basis for declaring Dr. Rockman not the winner was that he was not admitted to the Ho-Chunk Nation Bar. Under the Ho-Chunk Nation Constitution (hereinafter Constitution). Associate Justices of the Supreme Court “shall have been admitted to practice before the Ho-Chunk Courts.” Art. VII, § 8(b).
The Board went forward and commenced a new election process. A second primary and general election were held on July 20 and August 10, 2013, respectively, and a different person was eventually sworn in as Ho-Chunk Supreme Court Justice.[1]
While the second election process was underway, Dr. Rockman filed this suit on July 12, 2013. The suit was not identified as an election challenge nor was it treated as such by the Court. The pleadings did not challenge the results of the election. Dr. Rockmaris only requested relief was injunctive in nature, specifically that he be sworn in as a Justice of the Ho-Chunk Nation Supreme Court.
ANALYSIS
As a preliminary matter there is a question of how to construe Dr. Rockman’s pleadings. In one sense they are a challenge to the Election Board’s refusal to declare Dr. Rockman the winner even *299 though he received a majority of votes in both the primary and general elections. Even though Dr. Rockman is not challenging the vote totals, he is challenging the Board’s conclusion that he was “not the winner” of the election.
The pleadings may also be viewed as a mandamus action. A mandamus action is a lawsuit where the petitioner seeks an order for a government official to do something the petitioner believes the official is already legally obligated to do. Black’s Law Dictionary, p. 973, (7th ed.1999).
The Court is conscious of the Ho-Chunk Nation Supreme Court's ruling in the King case regarding pro se litigants and the need to avoid rigid application of discretionary rules. King v. Majestic Pines Food & Beverage, SU 11-01.[2] However, neither view of Dr. Rockman’s pleadings allow him to prevail in this action.
1. Mandamus
Dr. Rockman’s suit fails as a mandamus action because the relief he seeks, to be sworn in, is not relief that can be granted by the Ho-Chunk Nation Election Board because the Board is not responsible for swearing in elected candidates. In addition, the new candidate has already been sworn in as an Associate Justice and therefore, that specific relief is not available. See, e.g., Maney v. HCN Election Board, 11 Am. Tribal Law 223, 2018 WL 4833423 (HCN S.Ct.2013) (Denying injunctive relief to a legislative candidate because the new candidate had already been sworn in).
Even in the absence of the Maney decision, the Court notes that the existing Associate Justice. Tricia Zunker, can make the same arguments that Dr. Rock-man does. Like Dr. Rockman, Justice Zunker was duly certified as a candidate, and went on to garner a qualifying level of votes in an initial primary and a majority of votes in a run-off election. Justice Zunker can make the additional argument that she was duly sworn in. Furthermore, even if there were legal grounds for granting Dr. Rockman’s request relief, the Court would have to confront the fact that the Constitution clearly limits the composition of the Supreme Court to one Chief Justice and two Associate Justices. Art. VII, § 2. In other words, there is no constitutional room for four Justices.
Finally, the Election Board enjoys sovereign immunity from suits other than those which follow the specific provisions of the Election Code. 2 HCC § 6.28.
2. Timeliness
A straightforward application of the Constitution and Election Code to the facts of this case leads to the inescapable conclusion that Dr. Rockman’s claim was not timely füed and therefore can be dismissed.
The Constitution and Election Code require election challenges to be filed within 10 days of certification by the Election Board. The election results were certified on June 5, 2013. Thus, any challenge was due by June 17, 2013, the first business day after ten calendar days had elapsed from June 5, 2013.
Dr. Roekman’s claim was filed on July 12, 2013. Therefore, as an election challenge, it was filed too late. The untimely filing deprives the Court of jurisdiction to hear the merits of Dr. Rockman’s challenge.
*300 CONCLUSION
If viewed as a mandamus action, Dr. Rockman’s claim is not against the correct entity and requests relief the Court cannot fairly or legally grant, requiring the Court to dismiss the action. If viewed as an election challenge, Dr. Rockman’s claim was not timely filed and the Court dismisses the action.
While Respondent has not prevailed in these proceedings, the Court takes a moment to share Dr. Rockman’s frustration. The Election Board certified Dr. Rockman as a candidate, he won two elections (convincingly) and then the Board essentially de-certified him as a candidate, even though the basis for de-certification was (or should have been) known to all before March 5, 2013. The purpose of vetting, examining and certifying candidates ahead of the primary is to avoid exactly the type of situation that arose in this case. Unfortunately, the law does not provide Dr. Rockman with the remedy he seeks.
BASED ON THE FOREGOING, the Court hereby GRANTS the respondent’s Motion to Dismiss. The matter is dismissed. The parties retain the right to file a timely post judgment motion with this Court in accordance with HCN R. Civ. P. 58, Amendment to or Relief from, Judgment or Order. Otherwise, “[a]ny final Judgment or Order of the Trial Court may be appealed to the Supreme Court. The Appeal must comply with the Rules of Appellate Procedure [hereinafter HCN R.App. P.], specifically Rules of Appellate Procedure, Rule 7, Right of Appeal.” HCN R. Civ. P. 61. The appellant “shall within sixty (60) calendar days after the day such judgment or order was rendered, file with the Supreme Court Clerk, a Notice of Appeal from such judgment or order, together with a filing fee as stated in the appendix or schedule of fees.” HCN R.App. P. 7(b)(1). “All subsequent actions of a final Judgment or Trial Court Order must Mow the [HCN R.App. P.].” HCN R. Civ. P. 61.

. While Respondent’s Motion to Dismiss was pending, Trida Zunker, the person who was eventually elected and sworn in on September 4, 2013, moved to intervene. Justice Zunker’s motion has been granted by a separate order.

. While one might question whether a candidate for the Ho-Chunk Supreme Court should be entitled to the benefit of the King case, this Court will follow King, apply a more deferential stance and examine both possible theories under which Dr. Rockman tried to establish a cause of action.